ANDREW FOOKS vs. ELMHURST REALTY COMPANY, a corporation of the State of Delaware, Owner or Reputed Owner, and JOHN T. WOODWARD.

PLEADING—LANDOWNER'S DENIAL OF CONTRACT WITH CODEFENDANT FOR ERECTION OF HOUSE HELD NOT PROPER PLEA IN ABATEMENT.

Landowner's denial that it contracted with codefendant for erection of house, as alleged by plaintiff in mechanic's lien case, and allegation that co-

defendant contracted with plaintiff, presented issue of fact triable as other such issues in such cases, wherein pleadings must specially set forth matters of defense, and hence did not constitute proper plea in abatement.

(*July* 14, 1923.)

Rice and Rodney, J. J., sitting.

*Julian C. Walker* for plaintiff.

*William F. Kurtz* for defendant, Elmhurst Realty Company, and Henry R. Isaacs for defendant, John T. Woodward.

Superior Court for New Castle County, May Term, 1923. No. 36, January Term, 1923.

Rice, J., delivering the opinion of the court:

This is a motion on the part of the plaintiff to strike from the record a plea in the nature of a plea in abatement filed by the Elmhurst Realty Company, one of the defendants.

The statement of claim is in the usual form and alleges, among other things, "that the said Andrew Fooks is the plaintiff; that the said Elmhurst Realty Company, a corporation of the State of Delaware is the owner or reputed owner of the said building, house or structure; that the said John T. Woodward was the contractor who had contracted with the owner for the erection, alteration or repair of the same, and for the furnishing of the whole or part of the materials therefor; and that the plaintiff furnished work, labor and materials to said contractor on the credit of the building."

The plea, in substance, alleges that the supposed promises and undertakings set forth in the statement of claim were made by the said John T. Woodward, the other defendant in the suit, on the sole responsibility of the said John T. Woodward and not by or for the Elmhurst Realty Company, either expressly or impliedly; that the title to the land on which the house, building or structure described in plaintiff's statement of claim is situate is now vested in the said Elmhurst Realty Company and was so vested at the time this action was begun and when the erection of said house was commenced; that prior to the commencement of the erection of said house the Elmhurst Realty Company, one of the

defendants, entered into an executory contract with the said John T. Woodward for the sale by it and purchase by him of the lots described in the statement of claim and that the said John T. Woodward, on his own responsibility, without in any way acting as agent or contractor for the said Elmhurst Realty Company, erected the house as described in plaintiff's statement of claim; and that the said John T. Woodward and not the Elmhurst Realty Company is the owner or reputed owner of the house within the meaning of *chapter* 71, *article* 1, §§ 2843, 2844, of the *Revised Code of Delaware*, as amended by 29 *Delaware Laws, page* 725, by reason of which the Elmhurst Realty Company has been improperly joined as one of the defendants in the suit.

Formal defects in the plea in abatement were waived at the time of the argument on the motion, and the question submitted to the court is whether the facts as alleged in the plea properly constitute a plea in abatement.

The lien in this case as set forth in the statement is based upon the claim that the plaintiff furnished work, labor and materials to John T. Woodward, a contractor who had contracted with the owner for the erection, alteration or repair of the house. The plea in effect denies that the Elmhurst Realty Company, the owner of the land, had contracted with Woodward, as contractor, for the erection of the house and alleges that Woodward for himself had contracted with the plaintiff Fooks.

The issue presented by the plea, if the matters had been properly pleaded, is whether or not the Elmhurst Realty Company as owner had contracted with Woodward as contractor for the erection, alteration or repair of the house on land owned by it. This we believe to be an issue of fact triable as other issues of fact are tried in mechanic's lien cases, in which cases under the rule of court the pleadings must specially set forth the matters of defense. The burden is on the plaintiff to prove, in addition to the other requirements, that Woodward, as contractor, had contracted either expressly or impliedly with the Elmhurst Realty Company, as owner, for the erection, alteration or repair of the house, and if he should fail in this proof the lien on this defendant's land would

fall, and under such circumstances, in this action, the status of the transactions between Woodward and the plaintiff would not concern the Elmhurst Realty Company.

We are of the opinion that the facts set forth in the plea do not constitute a proper plea in abatement in an action of mechanic's lien, and do not serve any of the purposes of such a plea.

For the reasons stated the plea in abatement is stricken out.